UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02092-JLS-ADS                                Date: July 23, 2021
Title: Bill Wood v. North American Van Lines, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                 Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS (Doc. 19)**

Before the Court is a Motion to Dismiss filed by Defendant Beltmann Group Inc. d/b/a Beltmann Relocation Group ("Beltmann"). (Mot., Doc. 19.) Plaintiff opposed, and Defendant replied. (Opp., Doc. 27; Reply, Doc. 30). The Court finds this matter appropriate for decision without oral argument, and the hearing set for July 23, 2021, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS Defendant's Motion.

**I.      BACKGROUND**

Plaintiff Bill Wood, a citizen of California, filed this wage-and-hour action against Defendants CRST, an Indiana corporation with its principal place of business in Iowa; Beltmann Group Incorporated d/b/a Beltmann Relocation Group ("Beltmann"), a Minnesota corporation with its principal place of business in Minnesota; and North American Van Lines, Inc., a Delaware corporation with its principal place of business in Indiana.[1] (Compl. ¶¶ 13–15, Doc. 1.)

---

[1] Defendant CRST has since been dismissed from the action. (Order, Doc. 31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS     Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

"Defendants specialize in final mile delivery service for retailers and other companies." (*Id.* ¶ 24.) Plaintiff alleges he was hired by Defendants in 2010 as a delivery driver. (*Id.* ¶ 25.) He resigned in early 2014, but then returned to his employment in late 2014. (*Id.* ¶ 26.) Around December 2019, he resigned again. (*Id.* ¶ 27.) During the entirety of his employment, Plaintiff was paid as an independent contractor. (*Id.* ¶ 28.) He was paid "various fixed amounts for each delivery he made." (*Id.* ¶ 30.) Plaintiff alleges that Defendants willfully misclassified him as an independent contractor when he should have been classified as a non-exempt employee. (*Id.* ¶¶ 18, 28.) Plaintiff also alleges that Defendants "promis[ed] to pay Plaintiff no less than $500.00 per day regardless of the number of deliveries made during any given day." (*Id.* ¶ 31.) Plaintiff, however, alleges he was "paid less than $500.00 per day in breach of the agreement." (*Id.*)

Plaintiff filed the instant action on October 29, 2020, alleging thirteen claims against Defendants: (1) failure to provide overtime wages; (2) failure to make meal periods available; (3) failure to make rest periods available; (4) failure to reimburse necessary business expenses; (5) failure to provide accurate wage statements; (6) statutory penalties pursuant to Labor Code sections 204 and 210; (7) waiting time penalties; (8) failure to provide access to wage records; (9) failure to provide access to employment file; (10) violation of Business & Professions Code § 17200; (11) civil penalties on behalf of himself and alleged aggrieved employees under the Private Attorneys General Act (PAGA); (12) breach of written contract; and (13) breach of oral contract. (*Id.* ¶¶ 49–182.)

Beltmann now moves to dismiss nine of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim.

## II.     LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                                            Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

### III.    DISCUSSION

#### A.     Overtime Claim (Claim 1)

Plaintiff's first claim alleges that Defendant failed to pay Plaintiff overtime in violation of California Labor Code § 510.  (Compl. ¶¶ 49–59.)  California Labor Code § 510(a) provides that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                                     Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  Cal. Lab. Code § 510(a).

Defendant argues that Plaintiff's overtime claim must be dismissed because he fails to provide "'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked' an amount that would entitle him to overtime."  (Mot. at 3, quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015).)  In *Landers*, the Ninth Circuit addressed pleading standards for minimum wage and overtime claims under the Fair Labor Standards Act (FLSA), holding that, "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."  *Landers*, 771 F.3d at 644–45.  Although Plaintiff argues that *Landers* "only relates to pleading claims under the [FLSA], which is not the basis for any of [Plaintiff's] claims" (Opp. at 6), this Court and others have applied the pleading standard articulated in *Landers* to claims under the California Labor Code.  *See, e.g.*, *Freeman v. Zillow, Inc.*, No. SACV 14-01843-JLS-RNBx, 2015 WL 5179511, at *3 (C.D. Cal. Mar. 19, 2015) (noting that the standard articulated in *Landers* was grounded in the Ninth Circuit's reading of *Twombly* and *Iqbal*, and concluding that "the reasoning in *Landers* also applies to Plaintiff's overtime claim asserted under the California Labor Code"); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well.").[2]

---

[2] Plaintiff cites to *Avalos v. Amazon.com LLC* for the proposition that courts apply a "less strict pleading standard than *Landers*" to claims under the California Labor Code.  (Opp. at 6, citing No. 1:18-CV-00567-DAD-BAM, 2018 WL 3917970, at *3 (E.D. Cal. Aug. 14, 2018).)  In *Avalos*, however, the court explicitly applied the *Landers* pleading standard in dismissing the plaintiff's overtime claim.  *See Avalos*, 2018 WL 3917970, at *3 ("While plaintiff's claims in this case are premised on California law, instead of the FLSA, numerous courts in the Ninth Circuit have nevertheless found *Landers* instructive as to the pleading standard applicable to such claims.").  The court merely noted that "federal courts in this state have varied in defining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                             Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

Turning to the Complaint here, Plaintiff alleges the following in support of his claim to overtime wages:

- "During all relevant times, Plaintiff was required to work more and indeed worked more than eight (8) hours in a single workday, and/or more than forty (40) hours in one workweek, but was never paid overtime compensation. Instead, Defendants paid Plaintiff various fixed amounts for each delivery he made." (Compl. ¶ 30.)
- "As set forth herein, Plaintiff was victim [sic] of Defendants' violations of *California Labor Code* section 510." (*Id*. ¶ 53.)
- "Plaintiff was victim [sic] of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants." (*Id*. at ¶ 54.)
- "As a proximate result of Defendants' failure to pay Plaintiff his proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendant an amount equal to the wages unlawfully unpaid and interest thereon." (*Id*. at ¶ 56.)

These allegations fail "to provide sufficient detail about the length and frequency of [Plaintiff's] unpaid work to support a reasonable inference that [Plaintiff] worked more than forty hours in a given week." *Landers,* 771 F.3d at 646.  Although Plaintiff is not required "to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, [he] should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.*

According, Plaintiff's first claim for overtime wages is DISMISSED WITHOUT PREJUDICE.  *See Freeman v. Zillow, Inc.*, 2015 WL 5179511, at *4 (dismissing without prejudice claim for overtime wages where the plaintiff failed to allege "any workday

---

precisely what allegations are sufficient to state such a claim" post-*Landers*.  *Id.*  This case does not support Plaintiff's argument that *Landers* is inapplicable to his claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:20-cv-02092-JLS-ADS | Date: July 23, 2021 |
| Title:  Bill Wood v. North American Van Lines, Inc. et al | |

where he worked in excess of eight hours or any workweek where he worked in excess of forty hours and was not paid for those excess hours.")

    **B.**    **Meal and Rest Period Claims (Claims 2 and 3)**

Plaintiff's second and third claims allege that Defendants failed to provide Plaintiff with meal and rest breaks in violation of California Labor Codes § 512 and § 226.7.  (Compl. ¶¶ 60–77.)  California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health." Cal. Lab. Code § 226.7(b).  Further, § 226.7(c) provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c).  Under California Labor Code § 512(a), "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes[.]" Cal. Lab. Code § 512(a).

"The pleading standards set forth in *Landers* apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations." *Shann v. Durham Sch. Servs.*, L.P., 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) (citing *Byrd v. Masonite Corp.*, 2016 WL 756523, *3 n.5 (C.D. Cal. 2016)).  For the same reasons Plaintiff's overtime claim was insufficiently pleaded, the following conclusory allegations also fail to plausibly allege claims for missed meal and rest periods:

- "When Plaintiff . . . [was] required to work for periods of time longer than five (5) hours, which was every day, Defendants failed to make uninterrupted meal periods of not less than thirty (30) minutes available to them.  Defendants had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                              Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

> no meal period policy in place, and simply ignored the fact that California law required it to supply meal periods to its employees.  In fact, because Defendants willfully misclassified all of their employees as independent contractors, Defendants flatly forbid/forbade meal periods."  (Compl. ¶ 34.)
> - "As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 512."  (*Id*. ¶ 66.)
> - "Defendants failed to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff . . . worked.  Defendants had no rest period policy in place, and simply ignored the fact that California law required it to supply rest periods to its employees. In fact, because Defendants willfully misclassified all of their employees as independent contractors, Defendants flatly forbid/forbade rest periods."  (*Id*. ¶ 35.)
> - "As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 226.7."  (*Id*. ¶ 75.)
> - "Plaintiff was victim of Defendants' said violations in at least one pay period during Plaintiff's employment with Defendants."  (*Id*. ¶¶ 67, 76.)
> - "When Plaintiff . . . [was] not provided [his] lawful meal and/or rest periods, Defendants filed to pay [him] an additional hour at [his] regular rate of pay."  (*Id*. at ¶ 36.)

Allegations merely reciting the statutory language in the relevant statutes are insufficient to plausibly allege a claim for missed meal periods and rest breaks.  And although Plaintiff alleges that "Defendants had no meal policy [and no rest period policy] in place," and that "because Defendants willfully misclassified all of their employees as independent contractors, Defendants flatly forbid/forbade meal periods [and rest breaks]," these generalized allegations are devoid of any facts raising a plausible inference that Plaintiff was forced to miss his own meal and rest breaks.  *See Bellinghausen v. Tractor Supply Co.*, No. C-13-02377 JSC, 2013 WL 5090869, at *4 (N.D. Cal. Sept. 13, 2013) ("To the extent Plaintiff argues that an employer violates the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                                  Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

Labor Code by failing to provide a written policy reflecting rest break requirements, Plaintiff is incorrect."); *Green v. Lawrence Serv. Co.,* 2013 WL 3907506, at *8 (C.D. Cal. July 23, 2013) ("[T]he absence of a formal written policy does not constitute a violation of the meal and rest period laws.").

Accordingly, Plaintiff's second and third claims are DISMISSED WITHOUT PREJUDICE.  *See Freeman v. Zillow, Inc.*, 2015 WL 5179511, at *4 (dismissing meal and rest break claims without prejudice where the plaintiff failed to "allege at least one meal or rest break where he worked through the break and was not paid for that time").

   **C.**  **Wage Statement Claim (Claim 5)**

Plaintiff's fifth claim alleges that Defendant failed to provide accurate wage statements in violation of California Labor Code § 226.  (Compl. ¶¶ 89–96.)

California Labor Code § 226 requires "employers [to] provide accurate itemized statements of wages to their employees" that contain certain statutorily mandated information. *Morgan v. United Retail Inc.,* 186 Cal. App. 4th 1136, 1143, 113 Cal. Rptr. 3d 10 (2010).  Specifically, the statute requires an employer to "furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a).  "A plaintiff must adequately plead an injury arising from an employer's failure to provide full and accurate wage statements, and the omission of the required information alone is not sufficient." *Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *10 (N.D. Cal. Feb. 19, 2013); *see also Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1134 (C.D. Cal. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                                  Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

(Staton, J.) ("An employer is only liable for damages as a result of failing to furnish conforming wage statements, however, to employees that 'suffer[ ] injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a)][.]'") (citing Cal. Lab. Code § 226(e)).

      Defendant argues that Plaintiff's wage statement claim must be dismissed because Plaintiff has failed to plead an injury arising from the alleged inaccurate wage statements. (Mot. at 5; Reply at 5–6.)  Plaintiff responds that, because "Defendant paid him flat rates for deliveries made and for days worked instead of tracking and paying him for hours worked," Defendant's wage statements contained inaccuracies and missing information regarding the hours worked and applicable pay rates.  (Opp. at 8, citing Compl. ¶ 37.) Plaintiff then argues that, because "many of the items (1) through (9) of Labor Code section 226(a) are missing or inaccurate," Plaintiff has adequately pleaded an injury. (Opp. at 8, citing *Contreras v. Performance Food Grp., Inc.*, No. C 14-3380 PJH, 2014 WL 6481365, at *4 (N.D. Cal. Nov. 18, 2014).)

      As this Court has observed, however, "California courts have made clear that '[t]he injury requirement in [section 226(e)] cannot be satisfied simply if one of the nine itemized requirements in [section 226(a)] is missing from a wage statement.'" *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1135 (C.D. Cal. 2011) (quoting *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011)).[3]  Because Plaintiff has failed to allege any

---

[3]  In *Contreras*, cited by Plaintiff, a court found the "injury" element of the statute to be met where the plaintiff alleged that "the wage statements did not accurately show all wages earned." *Contreras*, 2014 WL 6481365, at *4 (N.D. Cal. Nov. 18, 2014).  The Court declines to follow the non-binding *Contreras* case on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                    Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

cognizable injury arising from the allegedly missing information, Plaintiff's wage statement claim is DISMISSED WITHOUT PREJUDICE.

    **D.**    **Section 204 and 210 Penalties (Claim 6)**

Plaintiff's sixth claim seeks statutory penalties pursuant to California Labor Code § 204 and § 210.  (Compl. ¶¶ 97–104.)  Section 204 requires that all wages are "due and payable twice during each calendar month."  Cal. Lab. Code § 204(a).  Section 204, however, "does not grant employees a private right of action."  *Young v. ABM Sec. Servs.*, 905 F.2d 1541 (9th Cir. 1990).  Instead, the remedy for a violation of Section 204 is in Section 210, which provides that "every person who fails to pay the wages of each employee as provided in Section[] . . . 204 . . .  shall be subject to a civil penalty."  *Slay v. CVS Caremark Corp.*, No. 1:14-CV-01416-TLN, 2015 WL 2081642, at *8 (E.D. Cal. May 4, 2015); Cal. Lab. Code § 210(a).  "The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil penalty through the issuance of a citation or pursuant to Section 98.3."  Cal. Lab. Code § 210(b).

"Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute."  *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62, 82 Cal. Rptr. 2d 442, 447 (1999).  Rather, "[i]f the Legislature intends to create a private cause of action, [courts] generally assume it will do so 'directly[,] . . . in clear, understandable, unmistakable terms[.]'"  *Id.* (citing *Moradi–Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal. 3d 287, 294–95).  However, "[t]here is nothing in section 204 or 210 that indicates, in 'clear understandable, unmistakable terms,' that a private right of action[] exists for violations of section 204."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02092-JLS-ADS                     Date: July 23, 2021
Title: Bill Wood v. North American Van Lines, Inc. et al

*See, e.g.*, *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013).

      Further, as Defendant points out, "[a]n employee is only entitled to either recover the statutory penalty provided for in this section or to enforce a civil penalty as set forth in subdivision (a) of Section 2699, but not both, for the same violation." Cal. Lab. Code § 210(c). Here, Plaintiff's eleventh claim seeks civil penalties under Section 2699 for Defendant's alleged Labor Code violations, which includes Section 204. (Compl. ¶¶ 145–168.) Plaintiff therefore cannot seek statutory penalties under Section 210.[4]

      Accordingly, Plaintiff's sixth claim is DISMISSED WITH PREJUDICE.

### E.    Waiting Time Penalties (Claim 7)

      Plaintiff's seventh claim alleges waiting time penalties in violation of California Labor Code § 203. (Compl. ¶¶ 105–112.) Pursuant to California Labor Code § 203, an employer is liable for penalties if it "willfully fails to pay" wages owed to an employee at the time he or she is discharged or quits. Cal. Lab. Code § 203(a).

      Here, Plaintiff's waiting time claim is premised on the failure to pay Plaintiff for overtime, meal periods, and rest periods. (Opp. at 9.) Because the Court dismissed these claims, the claim for waiting time penalties is also DISMISSED WITHOUT PREJUDICE. *See Velasco v. Elliot*, No. 18-CV-03191-VKD, 2018 WL 6069009, at *6 (N.D. Cal. Nov. 20, 2018) ("Because [Plaintiff's] fifth and sixth claims for waiting time

---

[4] Plaintiff does not refute this point. Rather, he cites to *Whittlestone, Inc. v. Handi-Craft Company* for the proposition that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law," 618 F.3d 970, 975 (9th Cir. 2010). (Opp. at 10.) *Whittlestone*, however, dealt explicitly with a district court's authority to strike damages under Rule 12(f), not the dismissal of a claim pursuant to Rule 12(b)(6). *Whittlestone* is therefore inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02092-JLS-ADS             Date: July 23, 2021
Title: Bill Wood v. North American Van Lines, Inc. et al

penalties and unfair business practices are derivative of his overtime and minimum wage claims, he has also failed to state a claim for those violations.")

### F. PAGA Claim (Claim 11)

Plaintiff's eleventh cause of action seeks penalties on behalf of himself and other "aggrieved employees" pursuant to California's Private Attorneys General Act of 2004 (PAGA), California Labor Code § 2698, *et seq.* (Compl. ¶¶ 145–168.) As both parties acknowledge, Plaintiff's PAGA claim is entirely derivative of the claims discussed above. (Mot. at 9; Opp. at 12.) Because the Court dismissed these underlying claims, Plaintiff's eleventh claim for PAGA penalties is likewise DISMISSED WITHOUT PREJUDICE.

### G. Breach of Contract Claims (Claims 12 and 13)

Plaintiff's twelfth and thirteenth claims allege breach of written contract and breach of oral contract. (Compl. ¶¶ 169–182.)
In order to state a claim for breach of contract, a plaintiff must plead "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).
The following allegations support Plaintiff's claims for breach of contract:
- "Defendants paid Plaintiff various fixed amounts for each delivery he made. Additionally, Plaintiff was paid this way despite during his employment, Defendants promising to pay Plaintiff no less than $500.00 per day regardless of the number of deliveries made during any given day. Many times, this resulted in Plaintiff being paid less than $500.00 per day in breach of the agreement." (Compl. ¶¶ 30–31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                  Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

- "During the four years last past [sic], Defendants and Plaintiff entered into an agreement whereby Defendants were to pay Plaintiff no less than $500.00 per day on days that he made deliveries."  (*Id.* ¶ 170.)
- "Plaintiff performed all conditions, covenants, and promises required of them under the agreement in that they did perform work for Defendants." (*Id.* ¶ 171.)
- "Defendants and Plaintiffs [sic] manifested an intention to be bound by the terms of the agreement because for a while, the subsequent actions of the parties were in conformity therewith." (*Id.* ¶ 172.)
- "Defendants breached the agreement by failing to pay Plaintiff no less than $500.00 daily agreed upon wage." (*Id.* ¶ 173.)

        1.        **Breach of Written Contract**

Defendant argues that Plaintiff's claim for breach of written contract fails because "he has neither attached the relevant contract nor pleaded its terms with sufficient particularity." (Mot. at 7.)  Further, Defendant argues that Plaintiff's complaint "necessarily relies on" the Independent Contractor Agreement ("ICOA"), entered into by the parties on October 22, 2014, which does not contain the alleged $500-per-day promise.[5]  (*Id.* at 7–8; ICOA, Battina Decl. Ex. 1, Doc. 19-2.)

Plaintiff does not dispute that the ICOA is the operative written contract between the parties.  Rather, Plaintiff argues that, "[c]ontrary to Defendant's assertion,

---

[5] Defendant argues that the ICOA is a proper subject of judicial notice under the "incorporation by reference" doctrine, because "Plaintiff's complaint necessarily relies on the [ICOA.]" (Mot. at 7.)  Plaintiff does not oppose this request, and indeed relies on the ICOA in his opposition.  (*See* Opp. at 11.)  Under the "incorporation by reference" doctrine, courts may take judicial notice of a document where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                               Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

compensation of $500 is clearly provided for in the contract, as Section 12 provides for payment of $500 pursuant to Exhibit D, which itself is titled SLS COMPENSATION SCHEDULE."  (Opp. at 11.)  The cited portion of the contract, however, does not support the alleged agreement to pay Plaintiff a minimum of $500 per day worked.  Section 12 of the ICOA provides:

> CONTRACTOR [Plaintiff] agrees to establish an Escrow Fund for the sum as Stated in Exhibit D. CARRIER [Defendant] will receive $500 of this amount when this agreement is signed or CARRIER may deduct $500 of this amount from the first settlement. CARRIER may deduct the remaining amount at a rate of $300 per month until the total amount is reached. This sum shall be maintained for the duration of this Agreement. Following withdrawals as specified herein, additional $500 (or greater amount as mutually agreed) deductions will be made in subsequent settlements until the total escrow balance is restored.

(ICOA § 12.)  Section 12 merely provides for an Escrow Fund to be created by Plaintiff, from which $500 may be deducted by Defendant.  Nothing in the language provides that Plaintiff will be paid a minimum of $500 per day on delivery days.

Exhibit D of the ICOA likewise does not support the existence of the alleged agreement.  Exhibit D merely provides a compensation schedule "for different compensation percentages for various hauls depending on mileage":

> SLS COMPENSATION SCHEDULE
> The following compensation schedule will be used for SLS, LTL hauling only.
> 0 - 300 miles 63.5%

---

that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). Because the ICOA appears to be the only written contract entered into by the parties and neither party disputes its authenticity, Defendant's request for judicial notice of the ICOA is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                          Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

       301 - 600 miles 58.5%
       601 - above 53.5%
(Reply at 8; ICOA Ex. D.)

      Because Plaintiff has not plausibly alleged the breach of a written agreement under which Defendant agreed to pay Plaintiff $500 per day, Plaintiff's twelfth claim for breach of written contract is DISMISSED.  Moreover, Plaintiff does not dispute that the ICOA is the operative written agreement between the parties, and no provision in the ICOA supports the alleged $500-per-day agreement.  The Court therefore determines that further amendment to this claim would be futile, and the claim is DISMISSED WITH PREJUDICE.

### 2. Breach of Oral Contract

      Defendant further argues that the integration clause in the ICOA precludes Plaintiff's claim for breach of oral contract.  (Mot. at 8.)  The ICOA provides, in relevant part:

> ENTIRE AGREEMENT. This Agreement constitutes the entire agreement and understanding between the parties regarding its subject matter, shall supersede any and all prior agreements in effect between the parties regarding its subject matter, and shall not be modified, altered, changed or amended in any respect unless in writing and signed by both parties.

(ICOA § 15.)

      Defendant argues that the integration clause "expressly supersedes any prior agreements in effect between the parties and prevents modification unless it is written and signed by the parties."  (Mot. at 8.)  Defendant also argues that Plaintiff fails to allege facts indicating with whom he entered into an oral contract (and whether the alleged individuals are agents of Defendants), or *when* Plaintiff and Defendants allegedly entered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS    Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

into this oral contract.  (*Id.*)  Finally, Defendant contends that "Plaintiff failed to plead the date of breach because his claims for breach of contract are time barred," based on both the two-year statute of limitations for oral contracts and the four-year statute of limitations for written contracts.  (*Id.*, citing Cal. Civ. Proc. Code §§ 337(a), 339.)  Because the Court concludes that the alleged oral contract is precluded by the ICOA, the Court does not reach Defendant's remaining arguments.

Plaintiff contends that the ICOA's integration clause does not bar his claim because it "does not forbid the existence of subsequent oral contracts."  (Opp. at 11.) The plain language of the contract, however, does indeed bar such oral modifications.  It specifically states that the contract "shall not be modified, altered, changed or amended in any respect *unless in writing and signed by both parties*."  (ICOA § 15) (emphasis added).  Plaintiff has alleged no facts supporting a written modification of the contract (or otherwise argued that Plaintiff could plead such a modification), and Plaintiff's argument that the contract was subsequently orally modified is both unsupported by allegations in the complaint and precluded by Plaintiff's employment contract.

Because Plaintiff's claim for breach of oral contract is foreclosed by the ICOA, the claim is DISMISSED WITH PREJUDICE.

### IV. <u>CONCLUSION</u>

For the above reasons, Defendant's motion is GRANTED.  Plaintiff's first, second, third, fifth, seventh, and eleventh claims are DISMISSED WITHOUT PREJUDICE.  Plaintiff's sixth, twelfth, and thirteenth claims are dismissed WITH PREJUDICE.  Plaintiffs are GRANTED LEAVE TO AMEND the claims dismissed without prejudice, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations.  Any amended complaint shall be filed within **twenty-one**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02092-JLS-ADS                                        Date: July 23, 2021
Title:  Bill Wood v. North American Van Lines, Inc. et al

**(21) days** of the date of this Order.  Any claim not included in a timely-filed amended complaint will be deemed dismissed with prejudice.

Initials of Deputy Clerk: mku